

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS

Joe Hunsinger
  Plaintiff Pro-Se'

Case No:

V.

**3 - 21CV0799- G**

Velpermont Group LLC.
  Defendants

# COMPLAINT

### 1.0  PARTIES

1.1   Joe Hunsinger is a an individual citizen of Texas and a resident of this District.

1.2   Defendant Velpermont Group LLC.  is a Domestic corporation with its principal place of business in the State of Texas with an operating address of 1343 Tenderden Dr., Channelview, Texas 77530.  Harris County.

1.3   Defendant can be served by their agent 1800 Terrenos at 1343 Tenderden Dr., Channelview, Texas 77530.

### 2.0  JURISDICTION AND VENUE

2.1   This court has personal specific jurisdiction pursuant to 28 USC Section 1331 and 47 USC Section 227.

2.2   Supplemental jurisdiction for Plaintiffs state law claims arise under 28 USC Section 1391(b)(2).

2.3   This Court has personal specific jurisdiction over Defendant because defendant made calls to Plaintiff in this District and Defendant conducts business in the State of Texas.

## 3.0  PRELIMINARY STATEMENT

3.1    This is an action for damages brought by an individual consumer for violations of the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive and nuisance telemarketing practices.

3.2    Senator Hollings, the TCPA's sponsor, described these call as "the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of be; they hound us until we want to rip the telephone out of the wall."

3.3    According to findings by the FCC, the agency congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

3.4    The national DNC registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  Plaintiff hereby requests a copy of Defendants DNC Policy.

3.5    The TCPA regulations define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."

3.6    Telemarketing occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services.

3.7    Neither the TCPA nor its implementing regulations require an explicit mention of a good, product, or service – where the implication of an improper purpose is "clear from the context."

3.8    In other words, "offers that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.

3.9    If a call is not deemed telemarketing, a Defendant must nevertheless demonstrate that it obtained the Plaintiffs prior express consent.

3.10  The FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages.

3.11  "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."

3.12  Plaintiff has been harmed by Defendants' acts because his privacy has been violated.  Plaintiff was subject to annoying and harassing telephone calls (texts) that constitute a nuisance.

3.13  Telemarketers must obey the prohibitions in the TCPA.

3.14 Telemarketing is defined as "a plan, program, or campaign which is conducted to induce the purchase of goods or services or charitable contribution by use of one or more telephones and which involves more than on interstate telephone call.

3.15  Plaintiff establishes injury in fact, if he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."

3.16  Plaintiff has the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA.

3.17  Plaintiffs "express consent" is not an element of Plaintiffs prima facie case, but is an affirmative defense for which the Defendant bears the burden of proof.

3.18  One single unsolicited marketing text or call is all it takes for a Plaintiff to have standing and bring suit against a violator of the TCPA.

3.19  The TCPA does not bar all business-related text messaging, but instead, focuses, in part, on cellular calls and text messages that are for the purpose of soliciting new or additional business.

3.20  Defendants actions are a pattern and practice over time.

3.21  Defendants, in its alleged violation, was aware of the conduct and allowed it to continue.

3.22  The impersonal and generic nature of Defendants text message(s), demonstrate that Defendant utilized an ATDS in transmitting the message.

3.23  Text message advertisements and the use of a short code, support an inference that the text messages use ATDS.

3.24  Plaintiff has alleged facts sufficient to infer text messages were sent using ATDS – use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS.

3.25  Defendant used a "long code" to transmit a text to the Plaintiff.  A long code is a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized.  Defendant can copy and past and send hundreds of characters out with a few clicks.

3.26  Long codes work as follows:  Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic.  These SMS gateway providers send and receive SMS traffic to an from the mobile phone networks SMS centers which are responsible for relaying those

messages to the intended mobile phone.  This allows for the transmission of a large number of SMS messages to and from a long code.

3.27  Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the capacity of store telephone numbers and to dial such number from a list.

3.28  Defendants unsolicited calls/text message(s) caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendants text messages also inconvenienced Plaintiff and caused disruption of his daily life.

3.29  Unwanted "Robocalls" are the number one complaint in America today. Americans received over xxx billion robocalls just last month.

3.30  Plaintiff estimates he has received tens of thousands of unauthorized and unwanted text messages in his lifetime from telemarketers.  Some have been from repeat violators and some have been from single call/text violators.  The Bureau of Labor Statistics tells us there are 134,800 telemarketers in the USA.  If this information is correct American consumers could quite possibly receive 369.31 calls per day and we have to tell the telemarketers is to place us on their do not call list and we won't hear from them in another 12 months, and then process begins all over again?  Plaintiff does not want to have his phone ring or text 369.31 times a day from telemarketers.  Plaintiff does not even want one telemarketer to call him.  There is a reason they say we as a nation may disagree on many issues, but when it comes to unwanted telemarketing (Robocalls/texts) we all agree that we do not like them.

3.31  The contempt from Senator Hollings was he even wanted to do away with all telemarketers, period.  Plaintiffs pleading as mentioned above are clear and give an insight on where Plaintiff set of mind.  How he wants to left alone and unbothered by telemarketing calls/texts.

3.32  The do not call provisions of the TCPA cover any plan, program or campaign to sell goods or services through interstate phone calls. This includes calls by telemarketers who solicit consumers, often on behalf of third party sellers.

3.33  The TCPA has a "safe harbor" for inadvertent mistakes.  If a telemarketer can show that, as part of its routine business practice, it meets all the requirements of the safe harbor, it will not be subject to civil penalties or sanctions for mistakenly calling a consumer who has asked for no more calls, or for calling a person on the registry.

3.34  Plaintiffs complaint seeks money damages and injunctive relief from Defendants illegal conduct.

3.35  This private cause of action is a straight forward provision designed to achieve a straightforward result.  Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights.  Violations of the law are clear, as is the remedy.

3.36  The TCPA was enacted to prevent companies like Defendant from invading Plaintiffs' privacy as explained in paragraph 3.27 and 3.28.

3.37  Defendant(s) uses telemarketing to obtain new customers.

3.38  If Defendant(s) want to avoid a TCPA lawsuit, all they have to do is not break the laws in the TCPA.

## 4.0  VICARIOUS LIABILITY

4.1    At all times relevant the the events giving rise to this lawsuit, Defendant acted through its agents and is therefore liable for such actions pursuant of vicarious liability principles.

4.2    Whenever it is stated herein that Defendant engaged in any act or omission, the statement includes the acts or omissions by Defendant, its agents, its employees, its representatives and others with actual or apparent authority to act on behalf of and bind the Defendant.

## 5.0  QUESTIONS OF LAW

5.1    There are well defined and nearly identical questions of law and fact that affect all parties.  Such common questions of law and fact include, but are not limited to, the following:

    5.2    Whether Defendant(s) placed such telephone calls to the Plaintiff;

    5.3    Whether Defendant(s) TCPA violations and conduct was knowing and/or willful:

    5.4    Whether Defendant(s) can meet their burden of showing that they clearly and unmistakably obtained "prior express consent" to make such calls/texts to the Plaintiff;

    5.5    Whether Defendant(s) are liable for damages to the Plaintiff, as well as the amount to of such damages;

    5.6    Whether Defendant(s) identified themselves to the Plaintiff or if their agents identified the entity on whose behalf the call/text was being made;

    5.7    Whether Defendant(s) sent Plaintiff their DNC policy when it was requested;

    5.8    Whether Defendant(s) uses telemarketing to obtain new customers;

    5.9    Whether Defendant(s) have a written DNC policy;

    5.10  Whether Defendant(s) written DNC policy was shared with anyone "on demand.";

5.11   Whether Defendant(s) can prove they trained their employees about the telemarketing rules and laws set in place;

5.12   Whether Defendant(s) have maintained a list of persons that they may not contact;

5.13   Whether Defendant(s) have a process in place to prevent phone calls to either numbers on the National Do Not Call List or numbers on the telemarketers internal do not call list;

5.14   Whether Defendant(s) have a process in place to monitor calls to prevent violations of the do not call list;

5.15   Whether Defendant(s) have maintained an errant list of all call that violate the do not call regulations;

5.16   Whether Defendant(s) can prove they used TCPA compliant vendors;

5.17   Whether Plaintiff opted out of receiving calls/texts from Defendant.

5.18   Whether Defendant(s) honored Plaintiffs opt out/stop request.

5.19   Whether Defendant(s) had reason to know, or should have known that its conduct would violate the statute.

5.20   Whether Plaintiff is entitled to injunctive relief;

5.21   Whether Defendant(s) should be enjoined from engaging in such mentioned conduct in the future;

5.22   Whether Defendant transmitted telemarketing texts messages to Plaintiff before 8:00 AM.

5.22   Common questions in this case have common answers.

## 6.0  FACTUAL ALLEGATIONS
## AGAINST VELPERMONT GROUP LLC.

6.01  On Wednesday May 1, 2019 at *7:00 AM* Plaintiff received **four** unauthorized and unwanted telemarketing text message to his cell phone ending in 7677 from Defendant or their agent form phone number 469-957-8257.  The sender of the text message did not identified themselves, but only showed a call back number of 281-972-5203.

6.02  Plaintiff, wanting to investigate his claim against the telemarketer, followed the telemarketers cues to find out their identity.

6.03  Plaintiff an internet search of phone number 281-972-5203 lead Plaintiff to a Facebook page, Hector's Ranchos.  On said Facebook page Plaintiff could not find a legitimate business name or address.  But Plaintiff did find an areal photo of an undeveloped lot of real property being advertised in for sale by Hector's.

6.04  Plaintiff began searching online on google maps and found the lot being advertised by Hector's.  DCAD shows the lot's owner  to be Velpermont Group LLC.

6.05  Plaintiff did not have to contact Defendant or their agent after finding out their true identity.   In looking back it might have been easier to contact Defendant, but thee always would be that chance that doing so would have risked them breaking off the communication and disappearing.  Of all the freaking junk Plaintiff has gone through with telemarketers, never, not one time, has a telemarketer given their true identity (to their legally registered business in the US) to Plaintiff.  One time, a few years ago, a telemarketer did give Plaintiff their business name and phone number and website and agents name and supervisor name and was actually passed on to the supervisor who took Plaintiffs call.  They answered all of Plaintiffs questions without any hesitation.   They were an web hosting / promotion company in South America.

6.06  Plaintiff is informed and believes and therefore alleges that texts that Defendant placed to him were made using an automatic telephone dialing system.

6.07  Plaintiff, searching on the Texas Secretary of State's website [and paying their search fees], found Defendant to be registered as a domestic LLC. In the State of Texas.

6.08  Plaintiff searched Defendant on Pacer [and also paid their fees to search and look at pleadings] and did not find other complaints against the Defendant for violations of the TCPA.

6.09  Plaintiff, at no time, gave Defendant his "express consent" to be contacted by text messages.

6.10  Part of Plaintiffs discovery will will be finding out if Defendant has a company wide pattern or practice of engaging in the alleged illegal practices at issue in my case.  Plaintiff is proffering that a number of similar incidents have occurred around the country to other everyday people.

6.11  In this alleged action, it is the Plaintiffs belief the Defendant uses long codes to run his telemarketing campaign to text people from a phone number and if they don't respond he (they) is back at it contacting the same people who did not respond with a new number.

6.12  The text placed by the Defendant was not necessitated by an emergency.

6.13  Defendants calls were transmitted to Plaintiffs cellular telephone, and within the time frame relevant to this action.

6.14  Defendant and/or their agents failed to properly identify themselves as required by the TCPA.

6.15  Plaintiff is not a customer of Defendant and has not provided defendant with his personal information or telephone number, or sought out solicitation from the Defendant or their agents.

6.16  It is Defendants burden to prove they has "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system."

6.17  At no time did Plaintiff provide prior express written consent, or even prior permission, for the Defendant or their agents to call the Plaintiff.

6.18  Plaintiff does not have and has never had an established business relationship with the Defendant.

6.18  The text received by the Plaintiff from the Defendant or their agent was for the purpose of encouraging the purchase of rental of, or investment in, property, goods, or services.  The call therefor qualifies as telemarketing.

6.19  Plaintiff is the subscriber of phone number ending in 7677 and is financially responsible for phone service to said number.

6.20  Plaintiff's phone number ending in 7677 is primarily used for personal, family, and household use.

6.21  Upon information and belief, Defendants calls harmed the Plaintiff by causing the the very harm that Congress sought prevent – that is the "nuisance and invasion of privacy" and a Plaintiff suffered a concrete and particularized harm.

6.22  Upon information and belief, Defendants texts harmed Plaintiff by intruding upon Plaintiffs seclusion, lost time attending to unwanted and unauthorized calls, decreased phone battery life, need for more frequent re-charging of the battery, annoyance, and frustration.

6.23  As a result of Defendant illegal conduct, Plaintiff is entitled to $500 in damages for each such violation of the TCPA.  This is for each and every violation, whether Defendant committee multiple violations with a single text.  The number of texts are irrelevant.

## 7.0 STANDING

7.01  Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision.

7.02  Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution.

7.03  For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. In Plaintiffs case, Defendant sent a text messages to Plaintiff's cellular telephone, using an ATDS. Such text messages are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

7.04  For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." In Plaintiffs case, Defendant invaded Plaintiffs privacy and peace by texting his cellular telephone, and did this with the use of an ATDS.  Furthermore, Plaintiff was distracted and annoyed by having to take time, opening and reading the text message. All of these injuries are particularized and specific to Plaintiff.

7.05  Plaintiffs case passes The " Traceable to the Conduct of Defendant" Prong.

7.06  The second prong to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of

Defendant. The above text message was directly and explicitly linked to Defendant.  The number from which the text was sent belongs to Defendant. This text message is the sole source of Plaintiff's and the Class's injuries. Therefore, Plaintiff has illustrated facts that show that her injuries are traceable to the conduct of Defendant.

7.07  Plaintiffs case passes the " Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong,

7.08  The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion In the present case, Plaintiff's Conclusion include a request for damages for each text message made by Defendant, as authorized by statute in  47 USC. Section 227. The statutory damages were set by Congress and specifically  redress the financial damages suffered by Plaintiff.

7.09  Plaintiff, under his 14 Amendment rights, has right to bring this action to be heard in front of a jury.

7.10  Because all standing requirements of Article III of the US Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## COUNT 1

8.01  Plaintiff re-alleges and incorporates the above paragraphs.

8.02  Defendant violated 47 USC Section 227(b)(1)(A)(iii) by placing (non emergency) solicitation texts to the Plaintiff.

8.03  Defendant must pay Plaintiff $500 for each text placed to Plaintiff.

## COUNT 2

9.01  Plaintiff re-alleges and incorporates the above paragraphs.

9.02 Defendant transmitted **four** <u>solicitation texts</u> to Plaintiffs cellular phone number, which was registered on the Do Not Call registry, violating 47 CFR Section 64.1200(c).

9.03  Defendant must pay Plaintiff $500 for each text placed to Plaintiff.

## COUNT 3

10.01 Plaintiff re-alleges and incorporates the above paragraphs.

10.02 Defendant knew or should have know that Plaintiff had not given <u>express consent</u> to receive its texts messages violating USC Section 227(b)(3)(C).

10.03 Defendant must pay Plaintiff $500.

## COUNT 4

11.01 Plaintiff re-alleges and incorporates the above paragraphs.

11.02 Defendant transmitted a text to the Plaintiff, despite the fact that Plaintiffs phone number <u>is listed on the DNC list</u>, a violation of USC Section 227(c).

11.03 Defendant must pay Plaintiff $500.

## COUNT 5

12.01 Plaintiff re-alleges and incorporates the above paragraphs.

12.02 Defendant transmitted <u>more than one text</u> to the Plaintiff, a violation of USC Section 227(c)(5)(B).

12.03 Defendant must pay Plaintiff $500 for each text placed to the Plaintiff.

## COUNT 6

13.01 Plaintiff re-alleges and incorporates the above paragraphs.

13.02 Defendant spoofed their caller id.  The phone numbers on displayed on Plaintiffs caller id were long codes.  Plaintiff cannot call Defendants long code and speak to someone.  A violation of 47 CFR Section 64.1601(4)(e).

13.03 Defendant failed to provide a call back number in the initial text message. A violation of 47 CFR Section 64.1200(b)(2).

13.04 Defendant must pay Plaintiff $500.

## COUNT 7

14.01 Plaintiff re-alleges and incorporates the above paragraphs.

14.02 Defendant made calls to Plaintiffs phone ending in 7677 intentionally or knowingly and the calls were not accidental.

14.03 Pursuant to TBCC Section 305.053, Plaintiff sues here for monetary damages.

140.4 Pursuant USC Section 227(c)(5) and 47 CFR Section 64.1200(a)(2), treble the $500 statutory damages to be recoverable by Plaintiff against the Defendant to $1500 for each transmitted text Defendant placed and for violating the the DNC request.

14.05 Defendant must pay Plaintiff $1500 for each violation and text transmitted to Plaintiff.

## COUNT 8

15.01 Plaintiff re-alleges and incorporates the above paragraphs.

15.02 Pursuant to 47 USC Section 227(b)(3)(A) and TBCC Section 305.053, the court following the trial of this action should issue an order permanently enjoining Defendant and its agents from engaging in any further conduct with respect to Plaintiff which violates the rules and regulations of 47 USC Section 227.

## COUNT 9

16.01 Plaintiff re-alleges and incorporates the above paragraphs.

16.02 Defendant intentionally intruded on Plaintiffs solitude, seclusion, and private affairs by transmitting unwanted telemarketing calls to his cellular phone. Defendants intrusion would be highly offensive to a reasonable person.

16.03 The repeated autodialed calls to Plaintiffs cellular phone have caused him emotional harm and distress, frustration, aggravation, wasted time, a nuisance and other losses.

16.04 Plaintiff seeks to recover actual damages, including his damages for mental anguish, to be proven at trial.  Mental anguish is one of the torts for which Plaintiff can recover mental-anguish damages without proving physical injury.

## COUNT 10

17.01 Plaintiff re-alleges and incorporates the above paragraphs.

17.02 Defendant sent four text to Plaintiff at 7:00 AM.  A violation of 47 CFR Section 64.1200(b)(c)(1).

17.03 Defendant must pay Plaintiff $500.

## TRIAL BY JURY

18.01 Plaintiff demands a trial by jury under the 7th Amendment of the US Constitution.

## **CONCLUSION**

Plaintiff has read Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n which pretty much establishes the conduct for attorneys and references abusive litigation tactics from attorneys conduct.  Plaintiff believes if Defendant would read Dondi and instruct their attorney to send copies of the filings and emails between the Plaintiff and Defendants attorney, this would keep the Defendants attorney from "poking a stick at Plaintiffs ribs" just to upset him and try to prolong the hours he will be charging his client.

Plaintiff requests a copy of Defendants Do-Not-Call Policy to be sent to Plaintiffs address below.

Plaintiff requests everything he has asked for in his Complaint and other relief as the Court deems necessary.

Joe Hunsinger – Pro se
7216 CF Hawn Frwy.
Dallas, Texas 75217
214-682-7677
joe75217@gmail.com

← (469) 957-8257 📞 ⋮

Están pidiendo 10K
de Down Payment y
además

5/1/19, 7:00 AM

NO CHEKEAN
CRÉDITO.
Solo necesita
su ITIN, o SS, o
Consular, y un

5/1/19, 7:00 AM

Comprobante de
Domicilio.



INFORMES AL:
281.972.5203

5/1/19, 7:00 AM

Text message 😊 ▷ SMS

← **(469) 957-8257**   📞   ⋮

Wednesday, May 1, 2019 • 7:00 AM

Le interesa un RANCHO de 10 ACRES en Nevada TX o en Farmersville TX

5/1/19, 7:00 AM

, de DUEÑO A DUEÑO???

Están pidiendo 10k de Down Payment y además

5/1/19, 7:00 AM

NO CHEKEAN CRÉDITO Solo

Text message   ☺   ▷ SMS

⊕   📷

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300



**Certificate of Formation
Limited Liability Company**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 802464074 05/23/2016
Document #: 672292010002
Image Generated Electronically
for Web Filing**

---

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## VELPERMONT GROUP LLC

### Article 2 – Registered Agent and Registered Office

☑A. The initial registered agent is an organization (cannot be company named above) by the name of:

## 1800 Terrenos LLC,

**OR**

☐B. The initial registered agent is an individual resident of the state whose name is set forth below:

C. The business address of the registered agent and the registered office address is:

**Street Address:**
## 1343 Tenderden DR   Channelview TX 77530

### Consent of Registered Agent

☐A. A copy of the consent of registered agent is attached.

**OR**

☑B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑A. The limited liability company is to be managed by managers.

**OR**

☐B. The limited liability company will not have managers. Management of the company is reserved to the members.
The names and addresses of the governing persons are set forth below:

Manager 1: (Business Name) **Glorimont Real Estate LLC**

Address: **22897 Ganges Ct   Porter TX, USA 77365**

Manager 2: (Business Name) **ACPS Properties LLC**

Address: **2301 Shady Tree Ln   Conroe TX, USA 77301**

Manager 3: (Business Name) **1800 Terrenos LLC,**

Address: **1343 Tenderden DR   Channelview TX, USA 77530**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

### Supplemental Provisions / Information

**Filing Number: 802450660**

## Texas Franchise Tax Public Information Report

Comptroller 05-102
of Public (Rev.9-11/30)
Accounts
FORM
■ **Tcode** 13196 Franchise

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ Taxpayer number

| 3 | 2 | 0 | 6 | 0 | 3 | 8 | 5 | 8 | 6 | 4 |
|---|---|---|---|---|---|---|---|---|---|---|

■ Report year

| 2 | 0 | 1 | 8 |
|---|---|---|---|

*You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381 or (512) 463-4600.*

Taxpayer name   **1800 TERRENOS LLC**

Mailing address   **1343 TENDERDEN DR**

| City | State | ZIP Code | Plus 4 |
|------|-------|----------|--------|
| **CHANNELVIEW** | **TX** | **77530** | |

Secretary of State (SOS) file number or Comptroller file number
**0802450660**

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office

Principal place of business

*Please sign below!*

Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3206038586418

**SECTION A**   Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | | m m d d y y |
|------|-------|----------|--|-------------|
| **KEVIN VELASQUEZ-GARCIA** | **OWNER** | ○ YES | Term expiration | |

| Mailing address | City | State | ZIP Code |
|-----------------|------|-------|----------|
| **1343 TENDERDEN DR** | **CHANNELVIEW** | **TX** | **77530** |

| Name | Title | Director | | m m d d y y |
|------|-------|----------|--|-------------|
| **KEVIN VELASQUEZ-GARCIA** | **DIRECTOR** | ● YES | Term expiration | |

| Mailing address | City | State | ZIP Code |
|-----------------|------|-------|----------|
| **1343 TENDERDEN DR** | **CHANNELVIEW** | **TX** | **77530** |

| Name | Title | Director | | m m d d y y |
|------|-------|----------|--|-------------|
| | | ○ YES | Term expiration | |

| Mailing address | City | State | ZIP Code |
|-----------------|------|-------|----------|
| | | | |

**SECTION B**   Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
| | | | |

**SECTION C**   Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*
Agent: **KEVIN ANDREE VELASQUEZ**

○ Blacken circle if you need forms to change the registered agent or registered office information.

| Office: **1343 TENDERDEN DR** | City | State | ZIP Code |
|---|---|---|---|
| | **CHANNELVIEW** | **TX** | **77530** |

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ► | **JUDY ROBERTS** | Title **Electronic** | Date **08-30-2018** | Area code and phone number **( 972 ) 907 - 8201** |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|-------|---|---------|---|

**1800 Terrenos LLC Owned 42.5% of the Velpermont Group LLC**

**Glorimont Real Estate LLC Owned 42.5% of the Velpermont Group LLC**

**ACPS Properties LLC Owned 15% of the Velpermont Group LLC**

[The attached addendum, if any, is incorporated herein by reference.]

| **Organizer** |
| --- |
| The name and address of the organizer are set forth below. |

**Gloria Figueroa**      **22897 Ganges Ct , Porter Texas 77365**

| **Effectiveness of Filing** |
| --- |

☐A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☑B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is: **May 24, 2016**

| **Execution** |
| --- |

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Gloria Figueroa**

Signature of Organizer

FILING OFFICE COPY



JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOE HUNSINGER

**DEFENDANTS**
VELPERMONT GROUP LLC.

**(b)** County of Residence of First Listed Plaintiff   DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   HARRIS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO-SE

**3-21CV0799-G**

Attorneys *(If Known)*

RECEIVED
APR - 7 2021
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [x] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | | [x] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC SECTION 1331 AND 47 USC SECTION 227
Brief description of cause:
VIOLATIONS OF THE TCPA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
4-7-21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____